## GRAY *vs.* THE CITY OF BROOKLYN.

### FORTMAN *vs.* THE SAME.

50b 365
41ap627

The legislature has power to relieve a municipal corporation from liability for any non-feasance or misfeasance of the city officers.

The city of Brooklyn has been so relieved by section 39 of chapter 63 of the Laws of 1862, exempting it from liability in a class of cases arising from the negligence of it officers and employees.

That statute is therefore a defense to an action brought against the city for injuries sustained by the plaintiff in consequence of a public street in said city, and a sewer and drain therein, being out of repair, and the plaintiff's premises being flooded with water by reason thereof. Also to an action against the city for damages for loss of service of the plaintiff's minor child, who fell through a hole in a public wharf owned by the city and under its charge.

THE first of the above actions was brought to recover damages for injuries sustained by the plaintiff in consequence of a public street in the city of Brooklyn, and the sewer and drain therein, being out of repair, and the plaintiff's premises becoming flooded with water, by reason thereof.

The second action was brought to recover damages for the loss of service of a minor child of the plaintiff, who fell though a hole in a public wharf owned by the city and under its charge.

The first action was tried in the city court of Brooklyn. After the plaintiff's counsel had opened the case, to the jury, the defendants' counsel objected to proceeding with the case on the ground that no new facts in addition to those already proven on a former hearing of the case were alleged in the complaint or stated in the opening, and on the further ground that the statute of March 27, 1862, (*Laws of* 1862, *p.* 203,) exempted the city from liability for the alleged damages. After argument the court overruled the objections, and allowed the case to proceed.

When the plaintiff rested, the defendants' counsel renewed his motion for the dismissal of the complaint, upon the

ground that the act of March 27, 1862, exempted the city from liability. After argument the court granted the motion. The plaintiff's counsel excepted, and moved that the matter of negligence should go to the jury. Motion denied. Exception taken by the plaintiff and thirty days allowed to make a case. The plaintiff's counsel requested the court to submit to the jury the question whether the injury to the plaintiff's premises was caused by the negligence of the defendants in allowing the street to remain out of repair after notice of its condition. This was refused by the court, and exception taken by the plaintiff.

The counsel also requested the court to submit the question of damages to the jury. This was also refused by the court, and exception taken by the plaintiff.

A motion for a new trial was afterwards made, by the plaintiff, on the judge's minutes, and denied.

From the judgment of dismissal, and from the order denying the motion for a new trial, the plaintiff appealed.

In the second action, the defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The city court of Brooklyn gave judgment for the defendants, on the demurrer, and ordered the complaint to be dismissed. The plaintiff appealed from that judgment, to this court.

*B. Hughes,* for the appellant in the first case. I. The act of 1862 (*pp.* 203, 204,) does not apply to this case. It says that the city shall not be liable for the non-feasance or misfeasance of any officer, &c. of any duty imposed upon them by titles four and five of said act, (*Laws of* 1862, *p.* 203.) Titles four and five do not provide for repairing streets or making sewers, but have reference to the financial concerns of the city ; such as collecting taxes, electing assessors, making maps, &c. (*See Laws of* 1862, *pp.* 187–199.) The act of 1862, commencing at page 182 and ending at page 206, nowhere repeals the provisions of the charter of

the city of Brooklyn in relation to its duty in keeping the streets in repair. The liability of the defendants stands just exactly where it did before the passage of that act. The charter of the city of Brooklyn, (*pp.* 27, 28, 52,) makes it the duty of the defendants to repair streets and sidewalks. It is evident that this act has no application to the case at bar.

II. If it be held that the act of 1862 exempts the city of Brooklyn from liability for the misconduct of its officers, then we insist that it is unconstitutional. The act of 1862, (*p.* 204,) gives the common council of the city of Brooklyn all control over the streets. The plaintiff had no power or authority to repair said street. His interference therewith would be a trespass. According to the common law the owner of premises is entitled to the use of half the street opposite the same, subject to the rights of the public. This is a vested right, and still the defendants seize, hold and control the whole street, and by their neglect use the plaintiff's property to injure and damage him. It is not the defendants' officers that injure the plaintiff, it is the city of Brooklyn in its corporate capacity.

III. The defendants by virtue of their charter, had entered into an agreement with the plaintiff to keep the street in repair. "Whenever an individual or a corporation, for a consideration from the sovereign power, has become bound by covenant or agreement, either express or implied, to do certain things, such corporation is liable in case of neglect to perform such covenant or agreement. (*Conrad* v. *The Village of Ithaca,* 16 *N. Y. Rep.* 163.) When a corporation accepts a grant from the legislature it is bound to perform its conditions. Its duty then becomes a matter of contract, the consideration for which is the acceptance of its charter, the receiving of the grant and the payment of taxes by the plaintiff for the protection of his property. The acceptance of the charter by the defendants created an implied contract or undertaking that its provisions would be

enforced. The consideration is the receiving and acceptance of the franchise. (16 *N. Y. Rep.* 164.) The charter of the city of Brooklyn makes it the duty of the defendants to keep the streets in repair. (*Laws of* 1854, *ch.* 384, *title* 4, § 1.) The law does not make it the duty of officers of government, as individuals, to keep the streets in repair. This duty is incumbent on the city in its corporate capacity; therefore no action would lie against these officers individually for neglect of duty, by a party injured. The language of the charter is imperative, and even if it were permissive, the courts have construed such power into a positive duty. (*Hutson* v. *The Mayor of New York*, 5 *Seld.* 168, 169.)

IV. We think we are correct in stating that the defendants were bound, by contract with the plaintiff, to keep the street in question in repair. It is not within the power of the legislature to impair the obligations of contracts, or to take away vested rights. The charter of the city of Brooklyn, making it imperative on the defendants to repair the streets, was, and is, in the nature of a contract, and absolute rights had vested under that contract prior to the passage of the law of 1862. It is claimed that the legislature has power to alter or annul the common law. Be it so. It has no power to destroy a vested right, or revoke its own grants. (6 *Cranch,* 144, 145. *Sedg. on Const. Law,* 620, 621. *Laws of* 1854, *ch.* 384, *title* 4, § 1. *Charter of the City of Brooklyn,* 52. *U. S. Const.* § 10.) The legislature can no more revoke its grants than a donor his gift when delivered. (*Sedg. on Const. Law,* 625, *and cases there cited. The People* v. *Platt,* 17 *John.* 213, 214.) The plaintiff's contract with the city to keep its streets in repair was made and executed, and his rights vested thereunder, before the passage of the act of 1862. The charter of a corporation is to be regarded as a contract between the state and the members of the corporation. The plaintiff is a member of the corporation of Brooklyn, and no act of the legislature can violate this contract. (4 *Wheat.* 518.)

Gray *v.* City of Brooklyn.

V. Municipal corporations are to be held to the same responsibility as natural persons. (*Angell & Ames on Corporations*, § 240.) All corporations shall have the right to sue, and shall be subject to be sued, in all courts, in like cases, as natural persons. (*Constitution of the State of N. Y. art.* 8, § 3.) The act of 1862, in fact, declares that no action shall be brought against a corporation ; hence it is in direct violation of the constitution. There is no power reserved in the constitution enabling the legislature to exempt corporations from liability more than natural persons. It is true the legislature has power to give a new remedy for the enforcement of contracts already made, but it has no power to destroy the remedy, the very design and operation of the law of 1862.

VI. The act of 1862 takes away a vested right, and furnishes no remedy. It gives no action against any officer. The act, at page 199, creates a board of contracts, whose duty it shall be to contract for the repairing of all streets ; but this board could not move unless put in motion by a resolution of the common council, unless the work to be done was under $100. (*Laws of* 1862, *pp.* 199, 200.) This act makes it the duty of the common council to order all work done by ordinance or resolution, (*Id.* 200.) Supposing the common council failed to order this work done, or a majority of them voted against repairing this street in front of the plaintiff's premises, could an action be brought against those members who voted in the negative ? We apprehend not. Where, then, is the action given, by this act of 1862, against any officer of the corporation ? The act, at page 204, provides that the plaintiff might proceed by mandamus. This is no remedy. Must he suffer his premises to be destroyed while he is prosecuting his mandamus ? Who is to compensate him for damages sustained in the interval between the time of the injury and the determination of the mandamus proceeding, &c. ?

*J. L. Campbell,* for the appellant in second case. I. The only question on this appeal is whether the city of Brooklyn has been exempted from liability upon the facts stated in the complaint, by section 39, of chapter 63 of the laws of 1862. The only effect attributable to this section is to exempt the city of Brooklyn from responsibility in a class of cases arising from the negligence of its officers and employees, leaving all other corporations and persons subject to their well established liability to persons aggrieved. (*Lloyd* v. *The Mayor, &c.* 5 *N. Y. Rep.* 369. *Rochester White Lead Co.* v. *The City of Rochester,* 3 *id.* 463. *Conrad* v. *Trustees, &c. supra.*) But it is submitted that any such peculiar exemption from the consequences of wrong doing is not merely in direct conflict with the spirit of a constitution and government professing equal and exact justice to all, but even with the letter of the constitution, which substantially provides that all persons, whether natural or artificial, shall have the same rights, remedies and liabilities before the law. (*Constitution, art.* 8, § 3.)

II. But allowing to the act of 1862 all the effect which its authors undoubtedly designed, and about the extent of which it is submitted there can be no doubt, it does not, by its terms, exempt the city from liability in this case. Its very language repels any such presumption. Its manifest intent is to exempt merely from liability for the miscarriage of its officers in the exercise of their political functions, to prevent actions in cases similar to those above cited, and which rest on very different grounds from this. The distinction between a liability based on the neglect of a duty as proprietor, and the neglect or mal-administration of a political duty, obvious in itself, is clearly stated in the cases of *Lloyd* v. *The Mayor, &c.,* and *The Rochester White Lead Co.* v. *The City of Rochester,* above cited. Even if the exemption claimed should be deemed available as to the latter class, it cannot be extended to the former without

Gray *v.* City of Brooklyn.

the plainest violation of the section of the constitution above cited.

*Alexander McCue,* (corporation counsel,) for the respondent. I. The act of the legislature by which the city is exempted from liability for the acts of its common council, officers, or appointees, and from the consequences of their omissions to perform their duty, is a remodelling of many of the provisions of the city charter, with some new provisions, all of which have reference to the original act. The act is chapter 63, Laws of 1862. The title thereof, and the provision in question is as follows :

"An act to amend an act entitled 'An act to consolidate the cities of Brooklyn and Williamsburgh and the town of Bushwick into one municipal government, and to incorporate the same,'" passed April 17, 1854, and the several acts amendatory thereof and supplemental thereto, or affecting the same, passed March 27, 1862.

"§ 39. The city of Brooklyn shall not be liable in damages for any non-feasance or misfeasance of the common council, or of any officer of the city or appointee of the common council, of any duty imposed upon them, or either of them, by the provisions of titles four and five of this act, or of any other duty enjoined upon them, or either of them, as officers of government, by any provision of this act ; but the remedy of the party or parties aggrieved for any such non-feasance or misfeasance shall be by mandamus or other proceeding or action to compel the performance of the duty, or by other action against the members of the common council, officer, or appointee, as the rights of such party or parties may by law admit, if at all."

A reference to the original act of incorporation, (*Laws of* 1854, *pp.* 860, 871,) will show that "titles four and five," particularly referred to in the section above cited, relate to the duty of city officers in laying and collecting assessments and taxes, and as to which it is well known to the court

there had been particular dispute.    And it is by the "other" provisions of the original act that the city was called into being and thereby became subject to the common law as a municipal corporation.    The intention of the legislature in this re-forming of the city charter clearly was to relieve the city from liability for neglect of duty by public officers elected under its provisions, or of their appointees.    That the provision in question relates to the whole charter, and not merely to the amendatory act, is evident by the reference to "titles four and five," *there being no such divisions in the amendatory act.*

Separate the provision from that to which it relates and it has no meaning, while considered with reference to the city charter it is of great importance.    The provision should be treated simply as an addenda to the original act, being part of an act " amendatory" thereof :  "All statutes in *pari materia* are to be taken together as if they were one law." (*Rogers* v. *Bradshaw,* 20 *John.* 735.    *McCartee* v. *Orphan Society,* 9 *Cowen,* 437.    *Rexford* v. *Knight,* 15 *Barb.* 627. *People* v. *Atchinson,* 7 *How.* 241.    *Turnpike Co.* v. *People,* 9 *Barb.* 161.    *Smith's Com. on Statute Law,* 751, §§ 736, 739.    1 *Doug. id.* 30.    1 *Kent's Com.* 463, 464.)  " The intention of the lawgiver is to be deduced from a view of the whole statute, and the real intention will always prevail over the literal."    (1 *Kent's Com.* 162.    *People* v. *Draper,* 15 *N. Y. Rep.* 532.    15 *Barb.* 156.)  " And the design and object of the legislature is to be considered."  (*Beebe* v. *Griffing,* 5 *Kern.* 235.    *Donaldson* v. *Wood,* 22 *Wend.* 395. *Turnpike Co.* v. *McKean,* 6 *Hill,* 616.    10 *Co.* 57.    1 *Pick.* 105.    3 *Bing.* 193.    2 *Rolle,* 137.    *Hob.* 93.    *Dwar.* 690, 696.    *Plowd.* 205.    1 *Shaw,* 491.    *Bacon's Abr. tit. Stat.* 1, *p.* 5.    *Sir Wm. Jones,* 105.)

This question was argued before Justice J. F. BARNARD, at special term, who held that the statute covered the whole charter, in the case of *Powers* v. *The city of Brooklyn,* which case is familiar to the court.

II. In the Fortman case it is claimed that as the plaintiff was injured while walking upon a public wharf or dock, the property of the city, it is liable also on different principles, because it was the owner of the property. But the city can no more be held liable for injuries occurring through the want of repair of public property, the title of which it holds, than for injuries resulting from the want of repair of streets of which it has the charge. As to both matters, it is equally the duty of the common council to cause proper action to be taken. All the property of which the city nominally holds the title is public property, whether it be police station houses, engine houses, parks, wharves or docks, the power to dispose of it, even to give it away, is possessed by the legislature of the state ; the city authorities hold the title simply for convenience of management—the city has no right of private property therein. Certain officers have simply the management thereof in the discretion of the legislature, and this power of management is vested in the common council simply as officers of government. (*Darlington* v. *Mayor &c. of New York*, 31 *N. Y. Rep.* 164, *and cases there cited.*)

III. The statute in question expressly exempts the defendants from the liability sought to be fastened on it in this case ; and there can be no reasonable doubt of the constitutional power of the legislature to pass the law. 1. The power of the legislature is supreme and unlimited over all subjects of legislation, except where it is limited or restrained by the constitution. 2. The liability in question, whether derived from contract or otherwise, is a common law liability, and the whole body of the common law, by the constitution, is expressly made subject to alteration by the legislature. (*Art.* 1, § 17.) Moreover, if there was any contract which enured to the benefit of the plaintiff it was subject to the reserved power of amendment, &c. contained in the charter, and especially to a similar power reserved by the constitution itself, (*art.* 8, § 1,) and is not therefore protected by

article 1, section 10, subdivision 1, of the United States consti-
tution.    3.  The last clause of section 3, article 8, of our con-
stitution merely clothes all corporations with capacity to sue
and be sued, but has no relation to the power of the legislature
over the law, which shall determine the suit when brought.

*By the Court,* J. F. BARNARD, J.    These actions are
brought against the city of Brooklyn for damages sustained
by the plaintiff for the negligent .acts of the defendants' offi-
cers and servants.    In the first case the plaintiff's action was
dismissed after he produced his evidence, and in the second
the .court gave judgment in favor of the defendants upon de-
murrer.    Both cases present the same question.    The defend-
ants in each case claim exemption under chapter 63 of Laws
of 1862, section 39, page 203, which section is in these words :
·" The city of Brooklyn shall not be liable in damages for any
non-feasance or misfeasance of the common council, or any
officer of the city or appointee of the common council, of any
duty imposed upon them or any or either of· them, by the
provision of titles 4 and ·5 of this act, or of any other duty
enjoined upon them, or any or either of them, as officers of
government, by any other provision of this act ; but the
remedy of the party or parties aggrieved for any such·mis-
feasance or non-feasance shall be, by mandamus or other pro-
ceeding or action to compel the performance of the duty, or
by other action against the members of the common council,
.officer or appointee as the right of such party or parties may
by law admit, if at all."
    I .think the statute is a defense to the city.
    The actions are common law actions, and can only be
brought against the person guilty of negligence, or his em-
ployer, and are maintained against employers only upon the
principle that what one does by another he does by·himself.
The principle had its origin in ·those cases only where the
servant or agent was employed or appointed by the master.
There was reason in maintaining the action ·against municipal

corporations, which had the power of appointment and removal of these officers. By the charter of the city of Brooklyn the governmental officers of the city are elected by the people, as directed by the legislative act, and are not subject to removal by the city government. The common council appoint some minor officers, and some are appointed by the mayor with the consent of two thirds of the city supervisors, for the term of five years ; all or nearly all the officers thus elected or appointed, hold their offices for a fixed term and are in but few instances removable by the common council. While the officers who are to do or neglect to do the duties charged upon them by law are thus elected and appointed, in accordance with the charter of the city and by force of it alone, there is manifest justice in the section inserted in the charter that the city should not be liable for the negligent acts of its officers, but that the officers should be liable for their own negligent acts.

The legislature had the power to enact this principle in the charter of a municipal corporation, unless restrained by the state constitution. No part of the constitution is claimed to have been violated, except that part of article 8, section 3, which provides that corporations shall have the right to sue, and be subject to be sued, in like cases as natural persons. This clause is not a restriction on the legislative power to determine what shall be and what shall not be, a cause of action against a corporation. It provides only that where there is a cause of action in favor of, or against a corporation, it shall be enforced in the same way as if the same cause of action existed in favor of or against a natural person.

The city of Brooklyn exists only by force of the law creating it. This law is by the constitution subject to alteration and repeal. It is competent for the legislature to repeal the city charter and to provide for the election and appointment of other officers to do the duties now prescribed by and under the city charter. I am unable to see why the same legislature may not create a city and limit its liability. The power

is constantly exercised. Certain contracts made by a city officer, both in New York and Brooklyn, when there is no appropriation for the specific purpose, or when the same has been expended, are declared invalid. This limitation has been sustained by the Court of Appeals, and workmen employed by the proper city officers to do work upon roads in the city, after an appropriation was expended, have been adjudged to have no claim upon the city. The city officers employed the men. The city had the labor, but liability ceased when the appropriation was expended, and that time could only be known to the city officers. The ordinary rule governing principal and agent between natural persons, is changed by this restriction, and made more favorable as to those municipal corporations in whose charter this provision is contained. The same power can relieve a city from the common law fiction on which these actions are based. The judment should be affirmed, with costs.

[KINGS GENERAL TERM, February, 10, 1868. *Lott, J. F. Barnard* and *Tappen,* Justices.]