CATHARINE A. VINCENT, as ADMINISTRATRIX, ETC., RESPONDENT, v. THE CITY OF BROOKLYN, APPELLANT.

*City of Brooklyn — liability of, for negligence — extent of the exemption created by section 39 of chapter 63 of 1862, and section 27 of title 19 of chapter 863 of 1873.*

The provisions (sec. 39 of chap. 63 of 1862 and sec. 27 of tit. 19 of chap. 863 of 1873) exempting the city of Brooklyn from liability in damages for the nonfeasance or misfeasance of the common council, or of any officer of the city appointed by it, do not relieve it from liability for the damages occasioned

by the death of a person lawfully in the municipal building, which was caused by an explosion of illuminating gas resulting from the negligence of the keeper of the building.

*Fitzpatrick* v. *Slocum* (89 N. Y., 358) and *Hardy* v. *City of Brooklyn* (90 N. Y., 435) followed.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The plaintiff's intestate was killed by an explosion of gas which occurred in the vault used by the receiver of taxes in the municipal building of the city of Brooklyn. The deceased was standing at the door of the vault waiting for the clerk to bring therefrom a book which the deceased desired to examine.

*John A. Taylor,* for the appellant.

*Jesse Johnson,* for the respondent.

DYKMAN, J.:

The plaintiff's intestate received injuries from an explosion of gas in the municipal building of the defendant, which resulted in his death. A verdict went against the city on the trial, and there were special findings which with the general verdict justifies the assumption that the negligence of the building keeper brought about the injury and death of the deceased. The question for us, therefore, is whether from such assumption the city is liable to respond in damages for the negligence. Immunity from liability is claimed for the city under the provisions of chapter 63 of the Laws of 1862, section 39, also section 27, title 19, chapter 863, Laws of 1873, providing that the city of Brooklyn shall not be liable in damages for non-feasance or misfeasance of the common council, or any officer of the city appointed thereby. This statute was supposed until recently to have the broad scope and effect now claimed for it, and in the case of *Gray* v. *The City of Brooklyn* (50 Barb., 365; 2 Abb. Ct. App. Dec., 267) the statute was allowed its full force in exemption of the city.

In the opinion of the Supreme Court it is said: "The ordinary rule governing principal and agent between natural persons is

changed by this restriction and made more favorable as to those municipal corporations in whose charter this provision is contained."

In the prevailing opinion in the Court of Appeals it is said : " The object of the legislature is clear, and that was to exonerate the city from liability on account of the omission and misconduct of its officers, and to impose all the legal consequences of their acts directly upon the persons who might be guilty of such official misconduct."

These views of the statute have prevailed since its enactment, and actions for negligence have not been commenced against the city during its existence. The conclusion of the Court of Appeals in the case cited, however, was not reached without dissent. Two members of that court put forth the opinion that the statute might be upheld by applying it to cases in which the corporation is sought to be charged for the misfeasance or non-feasance of the officers as its agents, and that it did not follow that there was no liability of the corporation for a failure to perform a duty imposed on it by law.

This exemption statute came again under the consideration of the Court of Appeals in the cases of *Fitzpatrick* v. *Slocum* (89 N. Y., 358) and *Hardy* v. *City of Brooklyn* (90 id., 435). In neither of these cases was the question involved the same as that now before us, yet the statute came incidentally before the court in both cases, and in the opinion in the first case it is said : " We are of opinion that the exemption created by this section is not so broad as claimed." * * * " That section does not exempt the city from liability to discharge a duty resting upon it, and which it has not devolved upon any one of its officers." * * *

The views here expressed are not in conflict with anything decided in the case of *Gray* v. *The City of Brooklyn.*" * * * It was not decided that where an absolute duty rests upon the city one who suffers injury from non-performance of that duty cannot, in any case, have his remedy against the city."

The same views were reiterated by a unanimous court in the Hardy case, and although the cases are not binding on us as authority, because the questions there and here are not identical, yet they do contain such an emphatic and plain statement of the views of the Court of Appeals on the question involved in this case, that we do not feel at liberty to disregard them. The views of that court are

PEOPLE ex rel. WHEELER *v.* LONG I. R. R. CO.   125

Second Department, December Term, 1883.

plainly in favor of a recovery in this case, and it will be much better for this case to go directly to the Court of Appeals from an affirmance of this judgment.

The judgment should therefore be affirmed, with costs.

Barnard, P. J.; concurred; Pratt, J., not sitting.

Judgment affirmed, with costs.