PERRY v. MUTUAL RESERVE FUND LIFE ASS'N.

(Supreme Court, Appellate Division, Second Department. June 13, 1899.)

CO-OPERATIVE INSURANCE COMPANY—ACTION BY MEMBER.

Section 56 of the insurance law (Laws 1892, c. 690), providing that no order, judgment, or decree for an accounting, or restraining or interfering with the prosecution of the business of an insurance company, should be made, except on the application of the attorney general, or in an action by a judgment creditor, or in supplementary proceedings, applies to an action by a member against a co-operative insurance company, and deprives him of the legal capacity to maintain it, where he seeks thereby to compel it to perform the agreements of his policy in the common interest of a large body of the policy holders, so as to involve a more or less serious interference with the management of the company, the necessity of accounting with a great number of other persons respecting vast sums received by defendant in the course of its corporate existence, and an inquisition into the management of its business.

Woodward, J., dissenting.

Appeal from special term, Kings county.

Action by Andrew J. Perry against the Mutual Reserve Fund Life Association. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

Andrew J. Perry, in pro. per.

W. T. B. Milliken (Frank R. Lawrence and George Burnham, Jr., on the brief), for respondent.

PER CURIAM. It may be that, if we felt at liberty to treat the question as an open one, we would concur in the opinion of our

Brother WOODWARD; but, in our view, the present action is substantially the same in character as that of Swan v. Association, 155 N. Y. 9, 49 N. E. 258, and the decision in this case must follow that authority.

If the law in the Swan Case is to be retracted, it must be retracted by the court of appeals, and not by us.

The judgment appealed from should be affirmed, with costs.

WOODWARD, J. (dissenting).    This action is brought for the purpose of determining the rights of the plaintiff under a contract of insurance.    The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, and upon the further ground that it appeared upon the face of the complaint that the plaintiff had not legal capacity to sue, in that the action was not brought by the attorney general, or with his written approval, or by a judgment creditor, etc., as required by section 56 of chapter 690 of the Laws of 1892, known as the "Insurance Law."    This demurrer was sustained by this court at special term, and it comes here for review, the plaintiff urging that the action is not one contemplated by section 56, and that, if it is, this provision of the insurance law is in contravention of the state and federal constitutions in their guaranties of personal rights.    The learned court at special term sustained the demurrer generally, adding in a memorandum that: "The decision and reasoning in Swan v. Association, 155 N. Y. 9, 49 N. E. 258, control the decision in this case.    The demurrer is sustained on the ground that the plaintiff has not capacity to sue."    I am unable to distinguish the facts in this case from those involved in the case relied upon by the court at special term, and, were it not that I am persuaded that an important provision of the constitution of this state has been overlooked in passing upon the provisions of section 56 of the insurance law, I should concur in the conclusion reached in the court below without further discussion.    The Swan Case, although the learned court makes an elaborate argument in distinguishing insurance corporations from ordinary private corporations, so as to take it out of the scope of its comments in the case of People v. Lowe, 117 N. Y. 175, 22 N. E. 1016, in reality decides no more than that the act is not "at all in violation of any constitutional right of the plaintiff, as impairing the obligation of a contract."    155 N. Y. 21, 22, 49 N. E. 262.    Whether this statute, making the rights of the plaintiff depend upon the discretion of the attorney general, meets the requirements of that provision of the federal constitution which inhibits the state the power to "deny to any person within its jurisdiction the equal protection of the laws" (Amend. art. 14, § 1), or that provision of our own constitution which declares that "no member of this state shall be disfranchised, or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers" (article 1, § 1), it is not now necessary to consider, as the whole question as to the validity of the statute is determined, in my opinion, by the language of section 3 of article 8 of

the constitution. This provides that: "The term corporations as used in this article shall be construed to include all associations and joint-stock companies having any of the powers or privileges of corporations not possessed by individuals or partnerships. And all corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons.". If the plaintiff in this action would have a right to sue a private individual upon the statement of facts which he has presented to the court,—and which, for the purposes of the demurrer, must be assumed to be true,—then he has a right to sue this insurance company, notwithstanding the statute now under consideration. It was held in the case of Gray v. City of Brooklyn, 50 Barb. 365, 375, that this clause of the constitution "is not a restriction on the legislative power to determine what shall be and what shall not be a cause of action against a corporation," but only that "where there is a cause of action in favor of or against a corporation, it shall be enforced in the same way as if the same cause of action existed in favor of or against a natural person." Section 56 of the insurance law does not pretend to deal with the cause of action. It does not undertake to say what shall or what shall not constitute a cause of action against an insurance company, but deals entirely with the relief to be granted. The language of the section is that: "No order, judgment or decree providing for an accounting or enjoining, restraining or interfering with the prosecution of the business of any domestic insurance corporation or appointing a temporary or permanent receiver thereof shall be made or granted otherwise than upon the application of the attorney-general, on his own motion or after his approval of a request in writing therefor of the superintendent of insurance, except in an action by a judgment-creditor or in proceedings supplementary to execution." The right to sue, which is guarantied by the constitution, carries with it, by necessary implication, the right to any relief which the facts of the case may justify; and, if we concede that the legislature might, in its discretion, determine what facts should be necessary to constitute an equitable action entitling the plaintiff to the relief which he seeks, the fact remains that the legislature has not done so. It has undertaken to step in and to say, no matter what right of action the plaintiff may have, that he shall be given no equitable relief as against an insurance corporation, unless it shall please the attorney general to intercede in its behalf. "Rights under our system of law and procedure," say the court in the case of Parker, Petitioner, 131 U. S. 221, 225, 9 Sup. Ct. 709, "do not rest in the discretionary authority of any officer, judicial or otherwise." I am of opinion that the effort of the legislature to relieve insurance corporations from the necessity of defending actions upon their contracts, where policy holders seek to have their rights under such contracts determined and enforced, is without the sanction of the constitution, and that section 56 of the insurance law is null and void, as a denial of the constitutional right of the individual to sue all corporations, and to secure the relief which the facts may justify. It is also objection-

able as affording a different rule for domestic insurance companies from that applied to foreign insurance companies doing business in this state, in disregard of the provisions of the fourteenth amendment of the federal constitution, which forbids any state to deny to any person (or corporation,—Pembina, etc., Milling ·Co. v. Pennsylvania, 125 U. S. 181, 8 Sup. Ct. 737) within its jurisdiction the equal protection of the laws.

We come to the consideration of the complaint upon its merits as it is presented in the light of the demurrer, the facts stated being assumed to be true. Aside from the formal averments, the complaint sets out the contract of insurance, in which the defendant undertakes to create a certain fund, to be known as the "Death Fund," stipulating that no assessments shall be made so long as there is sufficient money in this fund to pay the losses. It is further agreed that the defendant will, out of its net earnings, and out of the money retained upon each assessment (25 cents on each $1,000), accumulate a fund to be deposited with the Real-Estate Trust Company of New York as trustee, for the exclusive benefit of the members of the association; that when this fund shall reach $100,000 if any assessment fails to produce a sum sufficient to meet the demands upon any outstanding certificate, the deficiency shall be paid out of this fund; that when this fund has reached $200,000 the interest earned on the same shall be paid as a dividend to those who have been members for a period of five years; that when this fund shall have reached $1,000,000 (the limit) all future sums set aside for the reserve on each assessment shall be equitably divided among the members. It was stipulated in the contract that assessments upon the policy of insurance issued to this plaintiff should be $11.25 on a policy for $5,000, with annual dues of $6; and the plaintiff avers that he has met all of the requirements of his policy, except that he has refused to pay the last assessment, known as "Mortuary Call No. 96," for $100.20, payable March 3, 1898, the time limit not having expired at the time of bringing this action. The plaintiff further avers that this last mortuary call was accompanied by a threat on the part of the defendant that if this money, largely in excess of the amount which the defendant was authorized by the contract to levy in a single assessment, was not paid within the time allowed, "the policy and all payments thereon will become forfeited and void, and your [meaning the plaintiff's] membership with the association [meaning the defendant] will expire, with all rights thereunder." He also says that this call was accompanied by a further notice that "regular stated assessments or mortuary calls, each, at least, for an amount equal to the amount of this assessment or mortuary call, are hereby made upon you, which will be due and payable, the first within thirty days from the 1st day of April, 1898, and the other within thirty days from the 1st day of June, 1898." The plaintiff further avers that he has, during the life of his policy, paid assessments at various times in excess of the $11.25 provided for in the contract to the aggregate amount of $1,013.48, which sum he contends should be refunded to him in an adjustment of his account, said sums having been exacted from him under a threat that his policy would be can-

celed, and that he would be deprived of all benefits under his contract. He also avers that the surplus of the corporation, limited by its contract with the plaintiff to $1,000,000, is now in excess of $3,000,000, and that the defendant, in disregard of its covenant to divide the said surplus equitably with the plaintiff and others similarly situated in excess of $1,000,000, refuses to carry out this part of its contract, or to pay any losses out of such fund, as stipulated, after the same should reach $100,000, but instead insists upon levying assessments upon this plaintiff and others similarly situated in amounts largely in excess of those provided for in the contract. The relief sought, while in the nature of a demand for specific performance of a contract, is in fact an adjustment of the account between the plaintiff and defendant, so that the latter shall be apprised of his duty to the defendant under this contract. Whether he should be granted all that he asks is not before us for determination. Having reached the conclusion that he has the legal capacity to sue, the inquiry now is whether the plaintiff has stated facts sufficient to constitute a cause of action. Under the rule laid down in the case of Sage v. Culver, 147 N. Y. 241, 245, 41 N. E. 513, I am of opinion that he has. "When a complaint is met by a demurrer on the ground of insufficiency," say the court in this case, "the question always is whether, assuming every fact alleged to be true, enough has been well stated to constitute any cause of action whatever. The complaint will be deemed to be sufficient whenever the requisite allegations can be fairly gathered from all the averments, though the statement of them may be argumentative, and the pleading deficient in logical order and in technical language. The pleading will be held to state all facts that can be implied from the allegations by reasonable and fair intendment, and facts so impliedly averred are traversable in the same manner as though directly stated."

It is not difficult to gather from the complaint that the plaintiff, at the age of 56 years, and in 1881, entered into a contract with the defendant for insurance upon the life of the plaintiff in the sum of $5,000, payable to plaintiff's wife; that it was stipulated in the said contract that the assessments upon this policy of insurance should be $11.25 each; that all moneys in excess of the amount necessary to pay any outstanding certificate should be credited to the death fund, and that no assessments should be made so long as there was sufficient money in the death fund to pay the losses; that it was agreed that a separate fund should be accumulated, and that, when this fund should reach $100,000, in the event of any one assessment failing to meet the demands upon the defendant, the same should be paid out of this special fund; that it was further agreed that when this said fund should reach $200,000 the interest earned by such fund should be distributed as a dividend among those who had been members of the defendant corporation for a period of five years; that it was further agreed that, when this fund should reach $1,000,-000, all future sums set aside for the reserve on each assessment should be divided equitably among the members of the association; that the defendant has failed to keep these agreements; that with a surplus on hand of over $3,000,000, in disregard of the terms of its

policy, the defendant insists upon levying and collecting a sum of money out of proportion to the cost of insurance, under a threat that the plaintiff, who is now a man of 74 years of age, and no longer in a position to gain admission to any other insurance organization, shall be dropped from membership, and be deprived of all benefits under his policy. Accepting the allegations of the complaint, the defendant has levied upon this plaintiff an assessment for $100.20, payable March 3, 1898, with two other assessments to follow, each for at least an equal amount, payable within 30 days from the 1st day of June, 1898, making a total sum of over $300 on a policy of $5,000, payable within a period of six months. As a penalty for refusing to pay these assessments, none of which are provided for in his contract, he is threatened in his old age with being dropped from the membership of the association, with no benefits from the large sums of money which he has already paid. These facts are, in my opinion, sufficient to constitute an equitable cause of action against an individual under the same circumstances; and, following the rule laid down by the constitution that "all corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons," I am forced to conclude that the interlocutory judgment appealed from should be reversed, and the demurrer overruled.